

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2007

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1169

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jiang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 587.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/587

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-1169

————————

JIANQING JIANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-266-375)

————————

Submitted under Third Circuit LAR 34.1(a)
on March 30, 2007

Before: FISHER, JORDAN and ROTH, <u>Circuit Judges</u>

(Filed: August 15, 2007)

————————

OPINION

————————

**ROTH**, <u>Circuit Judge</u>:

Jianqing Jiang, who is a native and citizen of the People's Republic of China, seeks review of a final order of the Board of Immigration Appeals (BIA), affirming the decision of an immigration judge (IJ) to deny asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Jiang challenges the BIA's order solely on the ground that she is entitled to asylum because she has a well-founded fear of persecution under China's family planning policies. For the reasons set forth, we will deny the petition.

Jiang entered the United States without inspection on April 15, 2002, and applied for asylum and withholding of removal on March 1, 2003. According to Jiang, she was married in January 1989, and her husband came to the United States in June 1989. He was denied asylum but continues to remain in the country. Jianqing Jiang gave birth to her only child on April 7, 1990. Subsequently, Chinese officials instructed her to have an intrauterine device (IUD) inserted; she did not do so until 1992, when it was necessary in order for her to register her son's birth. In June 1996, she was instructed to have a newer, more effective IUD inserted. She did so, but began experiencing pain and was informed by a doctor that she had tumors in her uterus that would require a costly operation to remove. She had the IUD removed in August 1996 and thereafter stopped reporting for her quarterly checkups. In 1997, Chinese officials issued a notice of sterilization. Although officials attempted to find her at her in-laws' home, they did not look for her at the home of the relative with whom she was staying. Jiang was never sterilized. She

2

sought to come to the United States with a smuggler, and after a failed attempt, entered the United States on April 15, 2002. She has been residing in Philadelphia with her husband, in the home of a local restauranteur.

On May 28, 2003, Jianqing Jiang was charged as removable pursuant to § 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A). After a merits hearing on June 16, 2004, the IJ denied Jiang's requests for asylum, withholding of removal, and protection under the CAT. The IJ found several key parts of the testimony to be incredible or inconsistent, either internally or with the supporting affidavits. For instance, Jiang first stated that she received her notice of sterilization in September 1997, then later testified that she received it in March 1997. When confronted with her previous testimony, Jiang claimed that she had never stated that she received the notice in September. Even after her testimony was played back to her, twice, and the IJ observed her to be listening, Jiang maintained that she did not say September. She claimed to have not been listening to the tapes, the IJ's observations notwithstanding.

This was not the only inconsistency or unlikely statement. Both Jiang and Yong Bing Chen, the restauranteur with whom Mr. and Mrs. Jiang resided, claimed not to know the name of the restaurant where Mr. Jiang worked; the IJ found these claims to be incredible and likely lies told to protect Mr. Jiang from deportation. The testimony was also inconsistent as to the length of time for which Jianqing Jiang has been in the United States. It was also inconsistent with supporting affidavits regarding Jiang's whereabouts in China after she received the sterilization notice and the timing of her first attempt to be

3

smuggled into the United States.

The IJ denied Jiang asylum, withholding of removal, and protection under the CAT. Jiang had never been forcibly sterilized, and her account of her history under China's reproductive policies was supported by no documentary evidence. Jiang did not explain why she could not produce any records of her sterilization notice. Moreover, Jiang produced no evidence beyond her testimony that in China she would not have access to treatment for the uterine problems that would not render her sterile.

The BIA issued a final removal order, affirming without opinion the decision of the IJ. Jiang timely appeals. The BIA had jurisdiction over Jiang's appeal pursuant to 8 C.F.R. §§ 1003.1(b), 1003.38, and 1240.15. We have jurisdiction over the instant petition for review pursuant to 8 U.S.C. § 1252(a).

If an alien who is otherwise subject to removal is deemed to be a refugee, she will be allowed to remain in the United States under a grant of asylum. *Chukwu v. Attorney General of U.S.*, 484 F.3d 185, 188 (3d Cir. 2001). The burden of proof rests on the applicant to demonstrate that she is a refugee. 8 C.F.R. § 1208.13(a). A refugee is defined as someone who is unable or unwilling to return home because of persecution or a well-founded fear of persecution. 8 U.S.C. § 1101(a)(42)(A). For an applicant to establish that she has a well-founded fear of persecution, she must show that she holds a subjective fear and that there is an objectively reasonable possibility that she would suffer the persecution feared if she returned to her country. 8 C.F.R. § 1208.13(b)(2)(I). Where the applicant seeks to make this showing through testimony, the applicant carries the

4

burden of supporting her claim through testimony that is credible. *See* 8 C.F.R. § 208.13(a).

Where, as here, the BIA has adopted the findings of the IJ, we review those findings under the substantial evidence standard. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir.2003) (en banc). We must uphold the factual findings of the IJ as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Although the IJ did not make an explicit adverse credibility determination, he did express his concerns with the credibility of testifying witnesses on several occasions. Jiang presented no documentary evidence to support her claim that she was likely to be persecuted upon her return to China,[1] so the testimonial evidence was all that the IJ had before him. We cannot say that any reasonable adjudicator would be compelled to conclude on the basis of Jiang's testimony that she was entitled to asylum. Jiang was never subjected to a forced sterilization; provided inconsistent accounts regarding her receipt of a sterilization notice, attempts to enter the United States, and means of avoiding sterilization in China; and remained in China for over five years after the time when she says she received the notice. Moreover, she presented no objective evidence regarding the availability in China of treatment for her medical condition. Given the paucity of reliable evidence, we cannot say that the IJ was compelled to grant Jiang asylum.

---

[1]Jiang did, however, manage to produce other documents, such as registration papers.

The petition for review will be **denied**.